Filed 4/23/15  P. v. Kinyon CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>v.<br><br>JAMES EDWARD KINYON,<br><br>　　　　Defendant and Appellant. | A141986<br><br>(Lake County<br>Super. Ct. No. CR933471) |

　　　　Defendant James Edward Kinyon appeals a judgment entered upon his plea of no contest to being a felon in possession of a firearm.  (Pen. Code,[1] § 29800, subd. (a).)  His counsel has filed a brief raising no issues and asking this court for an independent review of the entire record.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Counsel has also advised defendant of his right to file a supplemental brief, and defendant has done so.

　　　　Defendant was charged with felony carjacking (§ 215, subd. (a), count one); felony robbery (§ 211, count two); felony criminal threats (§ 422, count three); felony false imprisonment (§ 236, count four); felony assault with a firearm (§ 245, subd. (a)(2), count five); felony assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4), count six); felony possession of a firearm after having been convicted of a felony (§ 29800, subd. (a), count seven); felony discharging a firearm in a grossly negligent manner that could result in injury or death (§ 246.3, subd. (a), count eight); felony unlawful cultivation of marijuana (Health & Saf. Code, § 11358, count

---

[1]All undesignated statutory references are to the Penal Code.

nine); and felony possession of marijuana for sale (Health & Saf. Code, § 11359, count ten). The information included serious and violent felony, prior conviction, great bodily injury, and firearm enhancement allegations.

Pursuant to a plea agreement, defendant pled no contest to count seven, being a felon in possession of a firearm. (§ 29800, subd. (a).) Defendant initialed the portions of the plea indicating he understood and was waiving his constitutional rights to a trial, to confront witnesses, to remain silent, and to present a defense. The parties stipulated to a sentence of the low term of 16 months. The remaining charges and enhancement allegations were dismissed, and the District Attorney agreed not to bring charges against defendant's wife for the events that took place on the date in question.

At sentencing, the trial court struck the portions of the probation officer's report that dealt with the facts of the dismissed charges, because defendant had not entered a *Harvey* waiver. (*People v. Harvey* (1979) 25 Cal.3d 754.) As to the crime of which defendant was convicted, the probation report stated that on September 26, 2013, sheriff's deputies served a search warrant on defendant's residence and property and found four loaded firearms and ammunition.

Pursuant to the plea agreement, the trial court sentenced defendant to a 16-month term, awarded 429 days of custody and conduct credit, and imposed fines and fees. Defendant stated he was willing to take responsibility for his actions, but that he was concerned that during his post-release supervision, he would not be allowed to continue his business of growing medicinal marijuana. He stated that probation and community supervision were "tyrants" who would violate his constitutional rights, and the court indicated it could not assist him before any improper action took place.

In his supplemental brief, defendant raises a number of issues. Those issues include the contentions that he did not commit a crime, that he did not receive the discovery he requested, that the preliminary hearing was not held in a timely manner, that he did not receive adequate legal representation, that the police and the prosecutor behaved improperly, and that he entered his plea under duress. To the extent that any of these issues are cognizable on appeal after a plea of no contest, they are barred here by

defendant's failure to apply for and obtain a certificate of probable cause.  (§ 1237.5; *People v. Shelton* (2006) 37 Cal.4th 759, 766.)

We have examined the record and defendant's supplemental brief and find no arguable issues.

## DISPOSITION

The judgment is affirmed.

_____
RIVERA, J.

We concur:


_____
REARDON, ACTING P.J.


_____
STREETER, J.